**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YVONNE WINTER on behalf of herself and all others similarly situated; | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| Plaintiff, | |
| vs. | Civil No.: |
| REAL EATS AMERICA INC. | Judge: |
| Defendant. | |

Yvonne Winter ("Plaintiff") on behalf of herself and a class of those similarly situated, by way of Complaint against Real Eats America Inc. (hereinafter referred to as "Defendant") by and through her counsel alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.     This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act") and the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 et seq. (collectively, the "WARN Acts"). The Plaintiff was an employee of Defendant until she was terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendant.  As such, Defendant is liable under the WARN Acts for the failure to provide Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act and did not provide 90 days advance written notice as required by the NY WARN Act. As a consequence, the Plaintiff and other

similarly situated employees of the Defendant are entitled under the WARN Acts to recover from the Defendant their wages and ERISA benefits for 60 days, none of which has been paid.

2.      Plaintiff also bring this action against Defendant on behalf of herself and the other similarly situated former employees seeking accrued vacation pay.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

4.      The violation of the WARN Acts alleged herein occurred in this District and more particularly in Geneva, NY. Venue in this Court is proper pursuant to 28 U.S.C §2104 (a)(5).

## THE PARTIES

5.      Upon information and belief, Defendant, was, at all relevant times to this action, a New York corporation which maintained a facility at 1 Montmorency Wy, Geneva, NY 14456 (the "Facility").

6.      At all relevant times to this action, Plaintiff Yvonne Winter was an employee who was employed by Defendant and worked at or reported to the Facility until her termination without cause on or about March 1, 2023.

7.      Until on or about March 1, 2023, Plaintiff and approximately 160 other employees, were employed by Defendant and worked at, or reported to, or were assigned work from its Facility ("Other Similarly Situated Employees").

8.     On or about March 1, 2023 and thereafter, Defendant ordered the termination of Plaintiff's employment together with the termination of approximately 160 other employees who worked at or reported to or were assigned work from its Facility as part of a mass layoff and/or plant closing as defined by the WARN Acts, for which they were entitled to receive 60 days advance written notice under the WARN Act and 90 days advance written notice under the NY WARN Act.

### FEDERAL WARN CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104(a)(5)

9.     Pursuant to 29 U.S.C. § 2104 (a)(5), Plaintiff maintains this action on behalf of herself and on behalf of each of the Other Similarly Situated Employees.

10.     Each of the Other Similarly Situated Former Employees is similarly situated to Plaintiff in respect to his or her rights under the WARN Act.

11.     Defendant was required by the WARN Act to give Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

12.     Prior to their terminations, neither Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

13.     Defendant failed to pay Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

### FEDERAL WARN CLASS ALLEGATIONS RULES 23(a) AND (b)

14.     Plaintiff brings this action on her own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the other employees who worked at the Facility and were terminated as part of a mass layoff and/or plant closing ordered by Defendant at the Facility on or about March 1, 2023 and thereafter ("the "Class").

15.     The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

16.     There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

17.     The claims of the representative party are typical of the claims of the Class.

18.     The representative party will fairly and adequately protect the interests of the Class.

19.     Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

21.     There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a)     Whether the Class Members were employees of Defendant who worked at or reported to the Facility;

(b)     Whether Defendant terminated the employment of the Class Members as part of a mass layoff and/or plant closing without cause on their part and without giving them 60 days advance written notice;

(c)     Whether Defendant may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

(d)     Whether Defendant's failure to provide 60 days' notice should render it liable to the Class Members for 60 days' pay and benefits.

## NEW YORK WARN ACT CLASS ALLEGATIONS

22.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23.   Plaintiff brings this Claim for Relief for violation of NYLL § 860 et seq., on behalf of herself and the Class of similarly situated persons, pursuant to NYLL § 860-G (7).

24.   Plaintiff brings this as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b), on behalf of herself and a putative class consisting of persons who worked at or reported to Defendant's Facility and were terminated without cause on or about March 1, 2023 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about March 1, 2023 and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6).

25.   The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which

the calculation of that number can be based are presently within the sole control of Defendant.

26. On information and belief, the identity of the class members, including each member's most recent residence address, is contained in the Defendant's books and records.

27. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his or her termination is contained in the Defendant's books and records.

28. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

> (a) whether the members of the Class were employees of Defendant who worked at or reported to a covered site of employment;
>
> (b) whether Defendant unlawfully terminated the employment of the members of the Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and
>
> (c) whether Defendant unlawfully failed to pay the Class members 60 days' wages and benefits as required by the WARN Act.

29. Plaintiff's claims are typical of those of the Class. Plaintiff, like other Class members, worked at or reported to the Facility and was terminated on or about March 1, 2023 as part of the mass layoffs/plant closings ordered by Defendant.

30. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the federal WARN Act, the NY WARN Act, other state laws similar to WARN, and employment litigation.

31.   Class certification of these claims is appropriate because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN class action litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant, and damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

32.   Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

33.   Prosecuting and defending multiple actions would be impracticable.

34.   Managing a class action will not result in undue difficulties for the parties and the Court.

35.   Plaintiff intends to send notice to all members of the Class to the extent required by Fed. Rule Civ.P. 23.

## **THE CLAIM FOR RELIEF**

## **First Cause of Action: Federal WARN Act**

36.   At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least

4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at each facility.

37. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

38. On or about July 8, 2022 and thereafter, Defendant ordered a "mass layoff" and/or "plant closing" at the Facility as that term is defined by 29 U.S.C. § 2101(a)(3).

39. Plaintiff and the Class Members who were terminated by Defendant as a result of Defendant ordering a mass layoff and/or plant closing at the Facility on or about July 8, 2022 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

40. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by the WARN Act.

41. Plaintiff and each of the Class Members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

42. Pursuant to Section 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendant was required to provide at least 60 days prior written notice of the terminations.

43. Defendant failed to provide at least sixty (60) days prior notice to the Class Members of their terminations.

44.   Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations.

45.   Additionally, Defendant failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

46.   As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

## Second Cause of Action: Violation of the New York WARN Act

47.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48.   At all relevant times, Defendant was an individual or public business entity defined as an "employer" under the NY WARN Act and continued to operate as a business until it decided to order plant closings at the Facility as defined by NYLL § 860-A(3),(4).

49.   On or about March 1, 2023, Defendant ordered plant closings at its Facility as defined by NYLL § 860-A(3),(4).

50.   Plaintiff and the Class Members each suffered a termination of employment as defined by NYLL § 860-A(2)(C), having been terminated by Defendant without cause on their part.

51.   Defendant was required by the NY WARN Act to give Plaintiff and the Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

52.   Defendant failed to give Plaintiff and the Class Members written notice that complied with the requirements of the NY WARN Act.

53.   Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

### Third Cause of Action: Vacation Claim

54.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55.   During Plaintiff's employment with Defendant, Defendant maintained a Vacation pay policy whereby employees were entitled to Vacation pay even in the event of a termination.

56.   Defendant was therefore obligated to pay Plaintiff in full for her Vacation pay upon her termination but failed to do so.

57.   Plaintiff and the Class Member are therefore entitled to payments for Vacation which was due and owing upon their terminations.

   **WHEREFORE**, Plaintiff and Class Members demand judgment against Defendant as follows:

   a.   An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee

benefit plans had that coverage continued for that period, for sixty (60) working days

following the member employee's termination, all determined in accordance with the

WARN Acts;

b.      Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29

U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c.      An amount equal to the sum of accrued but unpaid Vacation as of the termination date

of Plaintiff and the Class Members

d.      Interest as allowed by law on the amounts owed under the preceding paragraphs;

e.      Appointment of the undersigned attorneys as Class Counsel;

f.      Appointment of Plaintiff as the Class Representative and payment of reasonable

compensation for her services as such;

g.      The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in

prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

h.      Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs are entitled to try its case to a jury of its peers, and Plaintiffs hereby demands the same.

DATED this 15th day of March, 2023.

By:  _/s/ Stuart J. Miller_____

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
100 Church Street, 8th FL
New York, NY 10078
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, PC

Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm

*ATTORNEYS FOR PLAINTIFF*